## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LOUISE HALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-3191 |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| SOUTHERN ILLINOIS UNIVERSITY | ) | |
| SCHOOL OF MEDICINE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on the Motion to Dismiss Pursuant to Rule 12(b)(6) (d/e 1) filed by Defendant Board of Trustees of Southern Illinois University.  The Motion is GRANTED IN PART.  Plaintiff Louise Hale's Title VII claims pertaining to a failure to promote and a failure to stop harassment and her Americans with Disabilities Act (ADA) claim alleging a failure to reasonably accommodate her disabilities are outside the scope of the charge of discrimination Plaintiff filed with the Illinois Department of Human Rights (the Department) and the United States Equal Employment Opportunity Commission (EEOC).

# I. BACKGROUND

On June 28, 2016, Plaintiff filed in this Court a pro se Complaint of Employment Discrimination using a pre-printed form (d/e 1).  The attachments to the Complaint indicate that Plaintiff, who was born in Mexico, worked as a licensed practical nurse for Defendant for nearly 20 years until she was allegedly forced to resign in November 2014.

Plaintiff marked the boxes on the pre-printed complaint form alleging that Defendant discriminated against her on the basis of her color, national origin, and race in violation of Title VII of the Civil Rights Act and discriminated against her on the basis of her race in violation of 42 U.S.C. § 1981.  In particular, Plaintiff alleges that Defendant intentionally discriminated against her by terminating Plaintiff's employment; failing to promote Plaintiff; failing to stop harassment; failing to reasonably accommodate Plaintiff's disabilities; retaliating against Plaintiff; and coercing, intimidating, threatening, or interfering with Plaintiff's exercise or enjoyment of rights.  She also alleges that Defendant intentionally discriminated against her with respect to compensation, terms, conditions, or privileges of employment.

In the "facts" section of the form, Plaintiff alleges she was subjected to a hostile work environment because she was held in a room against her will.  She also alleges she was retaliated against for being a whistleblower by reporting bed bugs and the improper cleaning of surgical equipment.  Plaintiff further alleges racial discrimination, noting she was "a member of AFSCME Local 370." Compl. ¶ 12.  Finally, Plaintiff alleges she is diabetic and had breast cancer but had a hard time taking time off even with a doctor's note.  Id.  Plaintiff seeks appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney's fees and expert witness fees.  Id. ¶ 13(g).

Plaintiff also marked the boxes on the pre-printed complaint form indicating that she had filed a charge before the EEOC and the Department.  Plaintiff received a Right to Sue Notice on or about June 1, 2016.

Plaintiff attached various documents to the Complaint, including the EEOC Right to Sue letter, the amended charge of discrimination filed December 10, 2015 with the Department, and

the Department's investigation report.  In the amended charge of discrimination, Plaintiff listed national origin and retaliation as the cause of the discrimination.  Plaintiff alleged that she was forced to resign in November 2014 because of her national origin (Mexico) and in retaliation for previously filing a charge of discrimination against Defendant.

The investigation report indicates that the Department investigated Plaintiff's claim that she was forced to resign in November 2014 after a co-worker claimed Plaintiff assaulted her. Plaintiff complained that other employees whose national origin was the United States did worse things and were not "singled out."  See d/e 1-3 p. 7 of 8 ¶ 3.  Plaintiff also reported that Angie Doolin, the Assistant Director of Human Resources, once told Plaintiff she needed to go back to where Plaintiff was raised, which Plaintiff indicated was Texas.  Id. at ¶ 4.  The investigation report also references an earlier suspension of Plaintiff in December 2013 for failing to follow the chain of command.  It appears that this earlier suspension was the subject of Plaintiff's March 2014 charge of discrimination, which formed the basis of Plaintiff's retaliation claim.

On September 21, 2016, Defendant filed an Answer to Complaint of Employment Discrimination (d/e 10). Defendant also filed the Motion to Dismiss Pursuant to Rule 12(b)(6) at issue herein (d/e 8). In the Motion to Dismiss, Defendant argues that Plaintiff's allegations that Defendant discriminated against her by failing to promote her, failing to stop harassment, and failing to reasonably accommodate her disabilities are beyond the scope of the charge of discrimination and should be dismissed without prejudice for failure to exhaust administrative remedies.

On October 14, 2016, the Clerk of the Court sent Plaintiff a Notice (d/e 11) that a case-dispositive motion was filed. The Notice advised Plaintiff that a response was due within 14 days from service of the motion and, if Plaintiff did not respond, the motion may be granted and the case terminated without a trial. The Notice also indicated that, under the Court's local rules, a motion is deemed uncontested if no opposing brief is filed. That same day, the Court entered a Text Order granting Plaintiff until October 31, 2016 to file a response. Plaintiff has not filed a response to the Motion to Dismiss.

## II. LEGAL STANDARD

A claim that a plaintiff failed to exhaust her administrative remedies is appropriately addressed in a motion under Rule 12(b)(6) when the plaintiff pleads facts showing that the claim is outside the scope of the charge of discrimination.  <u>See</u> <u>McQueen v. City of Chi.</u>, 803 F. Supp. 2d 892, 903 (N.D. Ill. 2011) (citing <u>Leskovec v. Circuit Works Corp.</u>, No. 08 C 4846, 2008 WL 5236006, at *2 (N.D. Ill. Dec. 15, 2008)).  When considering a motion to dismiss under Rule 12(b)(6), the Court reviews the complaint and the exhibits attached to the complaint.  <u>See</u> Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); <u>Bogie v. Rosenberg</u>, 705 F.3d 603, 609 (7th Cir. 2013).

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint.  <u>Christensen v. Cnty. of Boone</u>, 483 F.3d 454, 458 (7th Cir. 2007).  To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendants fair notice of the claims.  <u>Tamayo v. Blagojevich</u>, 526 F.3d 1074, 1081 (7th Cir. 2008).  The Court construes the complaint in the light most favorable to the plaintiff,

accepting all well-pleaded allegations as true and construing all reasonable inferences in her favor.  Id.

## III. ANALYSIS

Defendant moves to dismiss Plaintiff's claims regarding failure to promote, failure to stop harassment, and failure to accommodate Plaintiff's disabilities.  According to Defendant, these particular claims were not raised in Plaintiff's charge of discrimination and are not "like or reasonably related" to the claims that Plaintiff presented in her charge of discrimination.  As noted above, Plaintiff has not responded to the motion.

Before a plaintiff can file a Title VII or an ADA[1] claim in federal court, she must first timely file a charge of discrimination with the EEOC.  42 U.S.C. § 2000e–5(e)(1); 42 U.S.C. § 12117(a) (incorporating § 2000e-5(e)(1)); Laouini v. CLM Freight Lines, Inc., 586 F.3d 473, 475 (7th Cir.2009) (Title VII); Flannery v. Recording Indus. Ass'n of Am., 354 F.3d 632, 637 (7th Cir. 2004) (ADA). Filing a charge of discrimination with the Department is considered

---

[1] Although Plaintiff did not explicitly cite the ADA in her Complaint, a plaintiff is not required to plead a legal theory and a pro se plaintiff is not held to the incorrect theory he did name. Small v. Chao, 398 F.3d 894, 898 (7th Cir. 2005).  Instead, the Court asks "whether any set of facts consistent with the complaint would give [her] a right to recover, no matter what the legal theory." Id.  Because Plaintiff alleges in her complaint that Defendant failed to accommodate her disabilities, the Court will treat the Complaint as having included an ADA claim.

a filing with the EEOC.  See Garcia v. Village of Mount Prospect, 360 F.3d 630, 642 n. 13 (7th Cir. 2004) (noting that, under the dual filing system, "filing a Title VII-based civil-rights claim with the EEOC is also considered to be a filing with the corresponding state agency, and vice versa").

A plaintiff must present in the charge of discrimination any claim she wants to later pursue in federal court.  See Lavalais v. Village of Melrose Park, 734 F.3d 629, 634 (7th Cir. 2013).  This exhaustion requirement gives the EEOC and the employer a chance to settle the dispute and also gives the employer notice of the employee's grievances.  Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty., 804 F.3d 826, 831 (7th Cir. 2015).

Because most charges of discrimination are drafted by laypersons, courts review the scope of the charge liberally.  Huri, 804 F.3d at 831.  Consequently, a plaintiff need not include in her charge every fact that forms the basis of a subsequent lawsuit's claims.  Id.  Nonetheless, general allegations of discrimination in the charge are not sufficient to justify bringing any discrimination theory in federal court.  McQueen, 803 F. Supp. 2d at 902.

In particular, a plaintiff can bring federal court claims that were not included in the charge of discrimination if the federal claims are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." <u>Cheek v. W. & S. Life Ins. Co.</u>, 31 F.3d 497, 500 (7th Cir. 1994).  The test is satisfied if "there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." <u>Id.</u> (noting that the second part of the test is difficult because what might be discovered during the investigation is speculative and finding that the court need not so speculate when the plaintiff fails to satisfy the first part of the test).

Claims are not considered "like or reasonably related" just because they both assert forms of discrimination. <u>Cheek</u>, 31 F.3d at 501 (noting that, because an employer can discriminate on the basis of sex in numerous ways, it is not enough that the complaint and the charge both allege sex discrimination; there must be a factual relationship between the claims).  To be like or reasonably related, the federal claim and the claim in the charge of

discrimination must, at a minimum, describe the same conduct and implicate the same individuals.  <u>Moore v. Vital Prods., Inc.</u>, 641 F.3d 253, 258 (7th Cir. 2011).

Whether the federal claims are within the scope of the charge of discrimination is a question of law.  <u>Conner v. Ill. Dep't of Nat'l Resources</u>, 413 F.3d 675, 679 (7th Cir. 2005).  Because the charge of discrimination and the investigation report were attached to the Complaint, this Court will consider both documents to determine what claims were communicated to the Department and Defendant during the investigation.  <u>See Flores v. Bd. of Trustees of Cmty. College Dist. No. 508</u>, 103 F. Supp. 3d 943, 950 (N.D. Ill. 2015) (noting that a plaintiff can also bring in her federal complaint any discrimination claims communicated during the course of the investigation); <u>Flower v. City of Chi.</u>, 850 F. Supp.2d 941, 944 (N.D. Ill. 2012) (considering the course of the Illinois Department of Human Rights' investigation when determining whether the claim in the complaint was like or reasonably related to the allegations in the charge of discrimination).

Plaintiff's claim in her Complaint that Defendant failed to reasonably accommodate her disabilities is not like or reasonably

related to the claims raised in the charge of discrimination. Neither the charge of discrimination nor the investigation report mentioned anything about a failure to accommodate a disability.  Plaintiff's charge of discrimination only contained allegations of discrimination based on national origin and retaliation.  Moreover, nothing was communicated during the investigation that suggested that Defendant failed to reasonably accommodate Plaintiff's disabilities.  Therefore, Plaintiff's claim that Defendant failed to reasonably accommodate her disabilities is outside the scope of the charge and is dismissed.  See Whitaker v. Milwaukee Cnty., Wis., 772 F.3d 802, 812 (7th Cir. 2014) (noting that "an ADA plaintiff must file a charge with the EEOC before bringing a court action against an employer"); Dibelka v. Repro Graphics, Inc. No. 14 C 3190, 2014 WL 5858553, at *2 (N.D. Ill. Nov. 12, 2014) (finding that the plaintiff's Title VII claims were beyond the scope of the charge where the charge "rested exclusively on discrimination based on a disability").

Similarly, the charge and investigation report do not contain any facts pertaining to a failure to promote.  The charge of discrimination focused solely on the allegedly forced resignation in

November 2014 based on national origin and retaliation for filing an

earlier charge of discrimination.  A failure to promote is a distinct

act of discrimination.  See, e.g., National R.R. Passenger Corp. v.

Morgan, 536 U.S. 101, 114 (2002).  An employee cannot complain

to the EEOC of only certain instances of discrimination and then

seek relief in federal court for different instances of discrimination.

See Geldon v. S.  Milwaukee Sch. Dist., 414 F.3d 817, 820 (7th Cir.

2005) (noting that the plaintiff's initial charge of discrimination

addressed her failure to receive the assistant painter/relief

custodian position and did not put the agencies and the defendant

on notice that she was also complaining about not receiving the

substitute custodian position); Cheek, 31 F.3d at 502 (claim in the

complaint that the district manager had a policy of assigning female

employees to unprosperous sales route and discriminated against

the plaintiff by transferring her to a less-profitable sales route was

outside the scope of the charge of discrimination, which alleged that

plaintiff's sale's manager required plaintiff—but not her male

counterparts—to pay clients' insurance premiums because the

conduct alleged to be discriminatory and the identity of the

individuals involved were both different).

Finally, Plaintiff's claim that Defendant discriminated against her by failing to stop harassment is also beyond the scope of the charge of discrimination.  Nothing in the charge of discrimination or investigation report refers to facts pertaining to harassment on the basis of race or national origin.  Generally, "retaliation, sex discrimination, and sexual harassment charges are not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another."  Sitar v. Ind. Dep't of Transp., 344 F.3d 720, 726 (7th Cir. 2003) (finding sexual harassment and sex discrimination claims procedurally barred where the discrimination and harassment claims involved a "separate set of incidents, conduct, and people" than the retaliation claim raised in the charge of discrimination).

In her Complaint, Plaintiff alleges she was subjected to a hostile work environment by being held in a room against her will. No such facts are contained in the charge of discrimination or the investigation report.  Nor are there other facts from which it could be inferred that Plaintiff was complaining about harassment in her charge of discrimination. Therefore, Plaintiff's claim that Defendant failed to stop harassment is not like or reasonably related to the

discrimination and retaliation claims raised in the charge of discrimination because the claims are not based on the same conduct.  See Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992) (finding the plaintiff's racial discrimination claims were properly preserved but her racial harassment claims were never properly presented to the EEOC); Cheek v. Peabody Coal Co., 97 F. 3d 200, 202 (7th Cir. 1996) (finding that the plaintiff's claims in her EEOC charge "did not in any way advert to sexual harassment"); Vela v. Village of Sauk Village, 218 F.3d 661, 663-64 (7th Cir. 2000) (finding that the claim of sexual harassment in the complaint—which alleged widespread sexual harassment such as jokes, distribution of pictures, and comments about the plaintiff's body and national origin—was not like or reasonably related to the claim of disparate treatment described in the charge of discrimination—which listed three incidents of being treated differently than non-Mexican male employees); but see Williams v. Phillips 66 Co., 72 F. Supp. 3d 938, 954 (S.D. Ill. 2014) (finding it clear from the face of the EEOC charge that the plaintiff was bringing a hostile work environment claim because he complained of racial harassment by co-workers).

This Opinion does not affect Plaintiff's claims under § 1981. See 42 U.S.C. § 1981 (making it unlawful to discriminate on the basis of race when making and enforcing contracts); Saint Francis Coll. V. Al-Khazraji, 481 U.S. 604, 613 (1987) (defining "race" under § 1981 broadly to include "identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics"); Bagwe v. Sedgwick Claims Mgmt. Servs., Inc., 811 F.3d 866, 879 (7th Cir. 2016) (noting that § 1981 prohibits discrimination on the basis of race or national origin).  Section 1981 does not require the exhaustion of administrative remedies.  Tyson v. Gannett Co., 538 F.3d 781, 783 (7th Cir. 2008) (filing a discrimination charge is not a prerequisite to pursuing a § 1981 claim in federal court).  Therefore, it is immaterial whether the § 1981 claims were contained in the charge of discrimination.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (d/e 8) is GRANTED IN PART.  Plaintiff's Title VII claims alleging discrimination for failure to promote and failure to stop harassment and Plaintiff's ADA claim alleging a

failure to reasonably accommodate Plaintiff's disabilities are

dismissed without prejudice for failure to exhaust administrative

remedies.  This ruling does not affect Plaintiff's claims under 42

U.S.C. § 1981.

ENTER: November 7, 2016

FOR THE COURT:

_s/Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE